KAREN P. HEWITT
United States Attorney
LUELLA M. CALDITO
Assistant U.S. Attorney
California State Bar No. 215953
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7035/(619) 235-2757 (Fax)
Email: Luella.Caldito@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>IRMA YOLANDA TIJERINA-DE LEYVA,<br>Defendant. | CRIM. CASE NO. 08CR0439-BTM<br>DATE: May 14, 2008<br>TIME: 1:30 p.m.<br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Luella M. Caldito, Assistant United States Attorney, and hereby files the attached statement of facts and memorandum of points and authorities in support of Government's motion for reciprocal discovery.

**I**

**STATEMENT OF THE CASE**

On February 19, 2008, a federal grand jury in the Southern District of California returned an Indictment charging Defendant Irma Yolanda Tijerina-De Leyva with possession of cocaine with the intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1). Defendant was arraigned on the Indictment on March 7, 2008, and entered a plea of not guilty.

## II

## STATEMENT OF FACTS

### A. Primary Inspection

On December 13, 2007, at approximately 6:00 p.m., Defendant approached the United States Border Patrol Highway 86 checkpoint as the driver and sole occupant of a Nissan Maxima bearing Baja California plate AHY8481. Border Patrol Agent Jessica Christoffels approached Defendant's vehicle and identified herself as a Border Patrol agent. When Agent Christoffels asked Defendant to state her citizenship, Defendant provided Agent Christoffels with a DSP-150 and I-94 card (border crossing card). Agent Christoffels observed that Defendant appeared extremely nervous when she hand over her immigration documents. When questioned as to her destination, Defendant stated that she was going to the casino located approximately 20 miles from the checkpoint. When questioned regarding the ownership of the vehicle, Defendant stated that she had owned the vehicle for less than one month. At this point, Agent Christoffels then asked Defendant for consent to search the trunk of her vehicle. Defendant gave consent and was then referred to secondary inspection.

### B. Secondary Inspection

At secondary inspection, Border Patrol Agent Timothy Delgado approached Defendant's vehicle and asked for consent to search the entire vehicle and to perform a canine sniff on the vehicle. Defendant agreed and exited the vehicle. Agent Delgado then retrieved his service canine, Rambo-C, who alerted to the front rocker panels of Defendant's vehicle.

Agent Delgado then inspected the front rocker panels and observed a strong odor of bondo. Agent Delgado asked Defendant if she owned the vehicle. Defendant claimed that she was the owner and that she had purchased the vehicle brand new from the Nissan dealership in Mexicali last month. Agent Delgado then asked Defendant if she had any aftermarket work completed on the vehicle. Defendant responded in the negative.

Agent Delgado then conducted further inspection of the rocker panels. When Agent Delgado began to tap on the panels, the bondo began to chip off, resulting in the exposure of the access plates to a compartment.

A total of 15 packages, weighing approximately 38.7 pounds, were extracted from the compartment. Agents discovered a white powdery substance in the packages. The substance field tested positive for cocaine.

**C. Defendant's Post-Arrest Statements**

At approximately 10:45 p.m., Defendant was advised of her Miranda rights, which she acknowledged and waived. Defendant stated that she was the owner of the vehicle and that she had owned two of the three cell phones in her possession. She stated that the third phone belonged to her friend, Nuvia. Defendant denied knowledge of the cocaine found in her vehicle. Defendant stated that she purchased the vehicle new in Mexicali approximately one month ago. Defendant then invoked her right to remain silent.

## III

## GOVERNMENT'S MOTIONS

### A. Motion for Reciprocal Discovery

#### a. Rule 16(b)

The United States, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, requests that Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which Defendant intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant intends to call as a witness. Because the United States will comply

with a defense request for delivery of reports of examinations, the United States is entitled to the items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure. The United States also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

**2. RULE 26.2**

Rule 26.2 of the Federal Rules of Criminal Procedure requires the production of prior statements of all witnesses, except a statement made by Defendant. This rule thus provides for the reciprocal production of Jencks statements.

The time frame established by the rule requires the statement to be provided after the witness has testified. To expedite trial proceedings, the United States hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

## IV

## CONCLUSION

For the foregoing reasons, the United States requests that the Government's Motion be granted.

DATED: May 7, 2008

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

/s/ Luella M. Caldito

LUELLA M. CALDITO
Assistant U.S. Attorney
Email: Luella.Caldito@usdoj.gov

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>IRMA YOLANDA TIJERINA-DE LEYVA,<br>Defendant. | Criminal Case No. 08CR0439-BTM<br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

I, LUELLA M. CALDITO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of

**Government's Notice of Motion and Motion for Reciprocal Discovery and Statement of Facts and Points & Authorities in Support of Motion for Reciprocal Discovery**

on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**Christian De Olivas**

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

**None**

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 7, 2008

/s/ Luella M. Caldito

LUELLA M. CALDITO